IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| KELLY E. WYNN, : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No. |
| v. : | 2:17-cv-00010-WCO-JCF |
| : | |
| NATIONSTAR MORTGAGE, LLC, : | |
| : | |
| Defendant. : | |

**FINAL REPORT AND RECOMMENDATION**

This case is before the Court on Plaintiff's Motion To Dismiss (Doc. 4). For the reasons discussed below, it is **RECOMMENDED** that Defendant's motion be **GRANTED**, and that Plaintiff's Complaint be **DISMISSED**.

**Factual And Procedural Background**[1]

---

[1] These facts are taken from Plaintiff's Complaint (Doc. 1-1), and from copies of documents referred to in the Complaint that relate to the loan transaction and foreclosure proceedings at issue, which are attached to the Notice Of Removal (Doc. 1-1 at 26; Doc. 1-3). In ruling on a motion to dismiss, the court may consider documents attached to the motion if those documents are central to the complaint and not in dispute. *See Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999); *Okim v. Bank of Am.*, No. 1:12-cv-01759-TWT-GGB, 2012 U.S. Dist. LEXIS 168788, at *7 (N.D. Ga. Oct. 25, 2012) (noting that the court is authorized to consider documents attached to motions to dismiss where "the document is central to Plaintiff's claims, and the authenticity of the document has not been challenged"). The Court may also take judicial notice of public records, such as real estate records and court filings. *See Universal Express, Inc. v. S.E.C.*, 177 Fed. Appx. 52, 53 (11th Cir. 2006).

1

On August 13, 2008, Kelly E. Wynn ("Plaintiff") obtained a loan for $192,850.00 from SunTrust Mortgage, Inc. ("SunTrust"). (Doc. 1-1 ¶ 8; *see also id.* at 26). To secure repayment of the debt, Plaintiff executed a security deed to residential property at 5709 Newberry Point Drive, Flowery Branch, Georgia in Hall County (the "Property"), in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee and grantee for SunTrust and its successors and assigns. (Doc. 1-1 ¶ 9; Doc. 1-3). The security deed was recorded in Deed Book 6409, Pages 438-456, of the Hall County property records. (Doc. 1-3 at 2). The security deed was later conveyed to Nationstar Mortgage, LLC ("Defendant"). (*See* Doc. 1-1 at 26). Plaintiff subsequently defaulted on the loan. (*See* Doc. 1-1 ¶ 12, 43 ("The Loan was insured by a credit default swap agreement . . . which resulted in payout of the Loan's outstanding balance upon Plaintiff's default"); Doc. 1-1 at 26 (declaring Plaintiff's loan due "because of, among other possible events of default, failure to pay the indebtedness as and when due")). After Plaintiff defaulted, Defendant's attorneys sent Plaintiff a Notice of Sale Under Power, informing her that a foreclosure sale was scheduled for November 1, 2016. (Doc. 1-1 at 26).

On December 12, 2016, Plaintiff, who is proceeding *pro se*, filed a complaint in the Superior Court of Hall County, Georgia in which she asserts several claims arising from the attempted foreclosure of her property, and she

requests injunctive relief to prevent foreclosure.  (*See* Doc. 1-1).  Defendant removed the action to this Court on January 19, 2017.  (Doc. 1).  On January 26, 2017, Defendant moved to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted.  (Doc. 4).  Plaintiff has not responded to that motion.  With briefing complete, the undersigned turns to the merits of Defendant's motion.

## Discussion

### I.   Plaintiff's Failure To Respond To Defendant's Motion

Plaintiff did not respond to Defendant's motion to dismiss the Complaint. The Local Rules required Plaintiff to either oppose or respond to Defendant's motion to dismiss within seventeen (17) days. *See* LR 7.1(B), NDGa.; *see also* FED. R. CIV. P. 6(d).  Plaintiff did not respond, so Defendant's motion to dismiss is therefore unopposed.  *See Simpson v. Countrywide Home Loans*, Civil Action No. 1:10-CV-0224-CAM-ECS, 2010 U.S. Dist. LEXIS 81389, at *9 (N.D. Ga. Apr. 26, 2010) (claims in a motion to dismiss that are not addressed by plaintiff are deemed unopposed), *adopted by* 2010 U.S. Dist. LEXIS 81384 (N.D. Ga. Aug. 11, 2010).

An unopposed motion to dismiss is not automatically due to be granted: "rather, the Court is still required to consider the merits of the motion." *Jackman v. Hasty*, No. 1:10–CV–2485–RWS, 2012 U.S. Dist. LEXIS 57893, at *5 (N.D. Ga. Apr. 24, 2012); *see also Davis v. Bank of America, N.A.*, No. 1:11–cv–4552–

3

JEC–RGV, 2012 U.S. Dist. LEXIS 128290 (N.D. Ga. Sept. 10, 2012) (the moving party does not automatically prevail on an unopposed motion to dismiss). Accordingly, the undersigned still must determine whether dismissal of the challenged counts would be proper.

## II.  Defendant's Motion To Dismiss (Doc. 4)

Defendant moves to dismiss Plaintiff's Complaint pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim on which relief can be granted.

### A.  Applicable Pleading Standards

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To state a claim that can survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 678-79. To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679.

To survive a motion to dismiss, a complaint "does not need detailed factual

allegations," but it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Furthermore, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations omitted); *see also Redland Co. v. Bank of Am. Corp.*, 568 F.3d 1232, 1234 (11th Cir. 2009) (explaining that "[t]o survive dismissal, the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed" (internal quotation omitted)).

"Additionally, because Plaintiff [is] acting pro se, [her] 'pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Shields v. Bank of Am.*, No. 2:11-CV-00267-RWS, 2012 U.S. Dist. LEXIS 30183, at *3 (N.D. Ga. Mar. 6, 2012) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). "'This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action.'" *Id.* (quoting *Thomas v. Pentagon Fed. Credit Union*, 393 Fed. Appx. 635, 637 (11th Cir. 2010)).

### B. Plaintiff's Claims

Plaintiff asserts the following claims arising from the attempted foreclosure of her residence: illegal conversion (Count One); attempted wrongful foreclosure I (tort) (Count Two); attempted wrongful foreclosure II (statutory compliance) (Count Three); declaratory judgment (credit default swap) (Count Four); unfair and/or deceptive business practices (Count Five); fraud and/or attempted fraud (Count Six); and unjust enrichment (Count Seven). (*See generally* Doc. 1-1). The undersigned now addresses each of Plaintiff's individual claims.

### 1. Illegal Conversion (Count One)

To allege a plausible claim for conversion, a plaintiff must show "(1) title to the property or the right of possession, (2) actual possession in the other party, (3) demand for return of the property, and (4) refusal by the other party to return the property." *Capital Fin. Serv. Grp., Inc. v. Hummel*, 313 Ga. App. 278, 280–81, 721 S.E.2d 108 (Ga. Ct. App. 2011). Plaintiff alleges that "Defendant's conduct is an attempt to illegally convert the subject property to their own property," apparently by seeking to foreclose "without proof of the true Promissory Note[']s existence," "without obtaining the Original Promissory Note, verifying the existence of said Note and without verifying the Lender has a right to foreclose." (Doc. 1-1 ¶ 20). Despite being titled as a conversion claim, it is clear that Plaintiff is asserting a "produce the note" claim, which is without merit. *See, e.g.*, *Samuel*

*v. Nationstar Mortg.*, No. 1:15-CV-0350-TCB-LTW, 2015 U.S. Dist. LEXIS 181082, at *22 (N.D. Ga. July 27, 2015) ("Therefore, to the extent that Plaintiff is alleging Nationstar has illegally converted the Real Property by scheduling a foreclosure sale without producing the original promissory note, Plaintiff has failed to state a claim upon which relief can be granted."), *adopted by* 2015 U.S. Dist. LEXIS 181076 (N.D. Ga. Aug. 13, 2015). Moreover, "Plaintiff cannot state a claim for conversion because the property Defendant[] allegedly converted is Plaintiff's home, and under Georgia law, '[c]onversion does not apply to real property.' " *McDaniel v. Wells Fargo Bank, N.A.*, No. 1:14-cv-2337-WSD, 2016 U.S. Dist. LEXIS 34562, at *16 n.8 (N.D. Ga. Mar. 17, 2016) (quoting *Chung v. JPMorgan Chase Bank, N.A.*, 975 F. Supp. 2d 1333, 1347 (N.D. Ga. 2013)).

Accordingly, it is **RECOMMENDED** that Defendant's motion to dismiss Plaintiff's conversion claim (Count One) be **GRANTED**.

### 2. <u>Attempted Wrongful Foreclosure (Tort) (Count Two)</u>

"In Georgia, 'to recover damages for a wrongful attempted foreclosure, the plaintiff must prove a knowing and intentional publication of untrue and derogatory information concerning the debtor's financial condition, and that damages were sustained as a direct result of this publication.' " *Elliott v. Wells Fargo Bank, N.A.*, No. 15-11131, 2015 U.S. App. LEXIS 16786, at *2 (11th Cir. Sept. 22, 2015) (quoting *Bates v. JPMorgan Chase Bank, N.A.*, 768 F.3d 1126,

2234 (11th Cir. 2014)).

Plaintiff alleges in support of this claim that Defendant's attempt to securitize her loan was never perfected, and therefore Defendant did not have a beneficial interest in the loan or a right to service the loan. (*See* Doc. 1-1 ¶ 34). Plaintiff further asserts that "Defendant owe[d] a duty of reasonable care to Plaintiff to strictly comply with Georgia statutes pertaining to nonjudicial foreclosure" and "Defendant breached that duty by attempting to foreclose without a beneficial interest in the Note or Security Deed." (*Id.* ¶¶ 35-36). Plaintiff has failed to state a claim for attempted wrongful foreclosure for several reasons.

First, she has not alleged facts that plausibly show that Defendant knowingly and intentionally published "untrue and derogatory information concerning [Plaintiff's] financial condition." *See, e.g.*, *Samuel*, 2015 U.S. Dist. LEXIS 181082, at *23 (finding that plaintiff failed to state a claim for attempted wrongful foreclosure because he "has not alleged facts to show that Defendant published any statement about the condition of his finances or that such a statement would be false and therefore derogatory if it had been published"). Moreover, to the extent that Plaintiff alleges that securitization of the loan invalidated Defendant's authority to foreclose, "the Court is unaware of any legal authority—and Plaintiff points to none—that supports the proposition that the securitization of a debt relieves the debtor of h[is] obligation to repay." *Montoya v. Branch Banking &*

8

*Trust Co.*, Civil Action No. 1:11–CV–01869–RWS, 2012 U.S. Dist. LEXIS 31786, at *15-16 (N.D. Ga. Mar. 9, 2012); *see also Searcy v. EMC Mortg. Corp.,* No. 1:10–CV–0965–WBH, 2010 U.S. Dist. LEXIS 119975, at *2 (N.D. Ga. Sept. 30, 2010) ("While it may well be that Plaintiff's mortgage was pooled with other loans into a securitized trust that then issued bonds to investors, that fact would not have any effect on Plaintiff's rights and obligations with respect to the mortgage loan, and it certainly would not absolve Plaintiff from having to make loan payments or somehow shield Plaintiff's property from foreclosure."). The undersigned therefore finds that Plaintiff's allegation concerning the attempted securitization of the loan fails to state a claim for relief. Finally, to the extent that this claim rests on Plaintiff's assertions that Defendant is not authorized to foreclose because it does not hold the Note and has not produced the note, as discussed above, those allegations are insufficient to support any claim arising from Defendant's involvement in the foreclosure proceedings in this case.

Accordingly, the undersigned **RECOMMENDS** that Defendant's motion to dismiss be **GRANTED** as to Plaintiff's claim for attempted wrongful foreclosure (tort) (Count Two).

### 3. Attempted Wrongful Foreclosure (Statutory Compliance) (Count Three)

Plaintiff alleges that "Defendant does not possess the ability to negotiate and/or modify the terms of the loan due to the limitations set forth in the PSA

[pooling and servicing agreement]" and that Defendant breached its "duty to Plaintiff to strictly comply with Georgia statutes pertaining to nonjudicial foreclosure" by "attempting to foreclose but failing to notify Plaintiff of the entity with full authority to negotiate or modify the terms of the loan."  (Doc. 1-1 ¶¶ 51-53).  Plaintiff appears to allege a violation of O.C.G.A. § 44–14–162.2(a), which requires in pertinent part that the secured creditor notify the debtor in writing "no later than 30 days before the date of the proposed foreclosure" of "the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor . . . ."  At the motion to dismiss stage, "the pertinent issue is whether [Plaintiff's] allegation that [Defendant] did not have full authority to modify is supported by sufficient factual allegations to state a plausible claim for relief."  *Sutton v. Bank of America, N.A.*, Civil Action No. 1:11–CV–3765–CAP, 2012 U.S. Dist. LEXIS 90240, at *13 (N.D. Ga. Apr. 11, 2012).

As stated above, Plaintiff's attempted wrongful foreclosure claim fails because she has not alleged that Defendant knowingly and intentionally published untrue and derogatory information concerning Plaintiff's financial condition.  Moreover, although Plaintiff alleges that Defendant does not possess the ability to negotiate and modify the terms of the loan due to limitations in the PSA, she did not offer any details regarding the purported limitations in the PSA or provide any other facts to plausibly suggest that Defendant did not have the authority to modify

or negotiate the terms of the mortgage.  (*See* Doc. 1-1 ¶¶ 51-53).  Without further factual enhancement, Plaintiff's claim is due to be dismissed.  *Cf. Sutton*, 2012 U.S. Dist. LEXIS 90240, at *13 (concluding that the plaintiff stated a viable claim for wrongful foreclosure where he asserted "that his interactions with [the defendant], up to and including those that may have taken place after the notice letter was sent, included disclaimers of ultimate authority on the part of [the defendant's] agents").

Accordingly, it is **RECOMMENDED** that Defendant's motion to dismiss be **GRANTED** as to Plaintiff's attempted wrongful foreclosure claim (statutory compliance) (Count Three).

### 4. Declaratory Judgment (Credit Default Swap)

Plaintiff alleges that "[t]he Loan was insured by a credit default swap agreement (the 'CDSA'), which resulted in payout of the Loan's outstanding balance upon Plaintiff's default."  (Doc. 1-1 ¶ 43).  She further alleges that she is entitled to a declaratory judgment "that Defendant is not entitled to the self help remedy of nonjudicial foreclosure" because "the true owner of the Loan was made whole by the CDSA and consequently, suffered no loss or harm by Plaintiff's purported default."  (Doc. 1-1 ¶¶ 45-46).  Plaintiff provides no factual or legal basis for this claim, and "courts have uniformly rejected claims that securitization, insurance, or credit default swaps negate a borrower's obligations or a creditor's

ability to foreclose." *Williams v. Ocwen Loan Serv., LLC*, No. 1:14-CV-3531-ODE-JSA, 2015 U.S. Dist. LEXIS 180550, at *26-27 (N.D. Ga. July 31, 2015) (collecting cases), *adopted by* 2015 U.S. Dist. LEXIS 180551 (N.D. Ga. Aug. 26, 2015). Accordingly, it is **RECOMMENDED** that Defendant's motion to dismiss be **GRANTED** as to Plaintiff's claim for a declaratory judgment (Count Four).

### 5. Unfair And/Or Deceptive Business Practices (Count Five)

Plaintiff alleges that "Defendant engaged in unfair and/or deceptive business practices under the Georgia Fair Business Practices Act of 1975 ("FBPA") by engaging in dual track foreclosure and charging the False Servicer Fees." (Doc. 1-1 ¶ 48). The undersigned finds that Plaintiff has failed to state a claim under the Georgia FBPA.

"Based on the intent of the statute, only the unregulated consumer marketplace falls within the scope of the FBPA, not regulated areas of activity." *Jenkins v. BAC Home Loan Servicing, LP*, 822 F. Supp. 2d 1369, 1375 (M.D. Ga. 2011) (citations omitted). "Since the area of mortgage transactions is heavily regulated by the Truth in Lending Act, the Real Estate Settlement Procedures Act, and the Georgia Residential Mortgage Act, courts have found it appropriate to dismiss FBPA claims that allege injury based on mortgage transactions." *Id.* at 1376; *see also Austin v. Bank of Am., N.A.*, No. 1:11-CV-3346-RWS, 2012 U.S. Dist. LEXIS 37516, *5 (N.D. Ga. March 16, 2012) (explaining that "[t]he FBPA

does not apply to residential mortgage transactions" because "[t]he area of mortgage transactions is regulated by the Truth in Lending Act, the Real Estate Settlement Procedures Act, and the Georgia Residential Mortgage Act").

The undersigned acknowledges that some courts have applied the FBPA to mortgage-related transactions. *See Stroman v. Bank of Am. Corp.*, 852 F. Supp. 2d 1366, 1381 (N.D. Ga. 2012) (explaining that the defendants' argument "that the FBPA does not apply to residential mortgage transactions . . . appears to be an overly broad interpretation of the statute's exemption" of regulated transactions); *Kitchen v. Ameriquest Morg. Co.*, No. 1:04-CV-2750-BBM, 2005 U.S. Dist. LEXIS 43937, at *23 (N.D. Ga. Apr. 29, 2005) (allowing the plaintiff's FBPA claim arising from a mortgage transaction to move past the motion to dismiss stage); *see also Samuel*, 2015 U.S. Dist. LEXIS 181082, at *27-29 (noting that while "a number of courts applying Georgia law have held the GFBPA to be inapplicable to claims arising from the foreclosure of a residential mortgage[, . . . [o]ther courts . . . have held that the GFPBA may apply to such claims"). However, the undersigned believes the weight of authority indicates that FBPA claims are not available for foreclosure claims arising out of the heavily regulated area of mortgage loan servicing. *See, e.g., Sheppard v. Bank of Am., N.A.*, 542 Fed. Appx 789, 793 (11th Cir. 2013) ("As construed by Georgia courts, it appears the FBPA does not apply to transactions that occur in regulated areas of activity,

13

such as loan lending and servicing.") (citing *Chancellor v. Gateway Lincoln-Mercury, Inc.*, 502 S.E.2d 799, 805 (Ga. Ct. App. 1998)); *Keyama-Joy El v. Ocwen Loan Servicing, LLC*, Civil Action No. 1:15-CV-2390-ODE, 2016 U.S. Dist. LEXIS 108754, at *18 (N.D. Ga. Mar. 29, 2016) (explaining that because mortgage transactions are regulated at the state and federal levels, they are specifically exempted from the FBPA); *Jackman*, 2011 U.S. Dist. LEXIS 23628 at *17-18 (dismissing FBPA claim because mortgage transactions are highly regulated at the state and local levels); *Figueroa v. JP Morgan Chase Bank, N.A.*, No. 1:09-CV-1874-RWS, 2010 U.S. Dist. LEXIS 107918, *13-14 (N.D. Ga. Oct. 7, 2010) (dismissing the plaintiff's FBPA claim arising from a home mortgage transaction because the marketplace for those transactions is highly regulated); *Stewart v. SunTrust Mortg., Inc.*, 770 S.E.2d 892, 898 (Ga. Ct. App. 2015) (dismissing the plaintiff's FBPA claim arising from a mortgage transaction "because the specific transactions at issue in the case are so regulated").

Moreover, even if the FBPA applied to the transaction at issue here, Plaintiff's conclusory allegations of "dual track foreclosure" and "False Servicer Fees" are insufficient to plausibly state a claim for relief under that statute. *See, e.g.*, *Samuel*, 2015 U.S. Dist. LEXIS 181082, at *28-29 ("assuming for the sake of argument that GFBPA may apply to claims arising from the foreclosure of a residential mortgage," the plaintiff's identical allegations about "dual track

14

foreclosure" and "False Servicer Fees" were "inadequate to show Defendant engaged in any unfair or deceptive practice"). Beyond those bald assertions, Plaintiff does not describe any conduct that would warrant the application of the Act. Plaintiff has thus failed to state "a plausible claim for relief" with regard to her allegations that Defendant violated the FBPA. *Iqbal*, 556 U.S. at 679. Accordingly, it is **RECOMMENDED** that Defendant's motion to dismiss Plaintiff's FBPA claim (Count Five) be **GRANTED** and that claim be **DISMISSED**.

### 6. Fraud And/Or Attempted Fraud (Count Six)

Plaintiff alleges that Defendant "misrepresented the true balance of the Loan and their true status as servicer and/or creditor of the Loan, with knowledge or reckless disregard of the statements' falsity, in each of the Monthly Statements, Notice of Default, Payoff Letter and Notice(s) of Foreclosure." (Doc. 1-1 ¶ 50). Plaintiff further alleges that she relied on these representations by continuing to deal with Defendant as the lender, "including directing their Loan payments and modification applications," and such representations caused Plaintiff damages "in the form of pecuniary loss and mental anguish." (*Id.* ¶¶ 51-52).

Under Georgia law, a plaintiff alleging a claim for fraud must establish five elements: "(1) a false representation by a defendant, (2) scienter, (3) intention to induce the plaintiff to act or refrain from acting, (4) justifiable reliance by plaintiff,

15

and (5) damage to plaintiff." *Summit Auto. Grp., LLC v. Clark*, 298 Ga. App. 875, 880, 681 S.E.2d 681 (Ga. Ct. App. 2009) (citation and punctuation omitted). In addition, FED. R. CIV. P. 9(b) requires that a claim for fraud be pled "with particularity." To comply with Rule 9(b), a plaintiff must allege:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and
> (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and
> (3) the content of such statements and the manner in which they misled plaintiff, and
> (4) what the defendants obtained as a consequence of the fraud.

*U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc.,* 290 F.3d 1301, 1310 (11th Cir. 2002). In other words, "to avoid dismissal, a complaint alleging fraud must plead the 'who, what, when, where and how' of the alleged fraud." *Graham v. Mortgage Electronic Registration Systems, Inc.*, Civil Action No. 2:11–CV–00253–RWS, 2012 U.S. Dist. LEXIS 20704, at *8 (N.D. Ga. Feb. 17, 2012) (citing *Mathis v. Velsicol Chemical Corp.,* 786 F.Supp. 971, 976–77 (N.D. Ga. 1991)).

Here, the undersigned concludes that Plaintiff has failed to state a fraud claim under Georgia law and has failed to satisfy the requirements of Rule 9(b). Plaintiff has not pled sufficient facts to establish the "who, what, when, where, and how" of the alleged fraud or allow the Court "to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. Plaintiff merely alleges that "Defendant misrepresented the true balance of the Loan and their true status as

servicer and/or creditor of the Loan." (Doc. 1-1 ¶ 50). Even if the undersigned considered this to be "precisely what statements were made," Plaintiff has failed to allege the time, place, and who made the statements, what Defendant gained from the statements. The complaint also lacks any particular allegations of a causal link between the alleged false statements and any harm to Plaintiff. Accordingly, it is **RECOMMENDED** that Defendant's motion to dismiss Plaintiff's claim for fraud and/or attempted fraud (Count Six) be **GRANTED**. *See, e.g.*, *Samuel*, 2015 U.S. Dist. LEXIS 181082, at *30-31 (finding that the plaintiff "failed to plead the requisite elements of a fraud claim with any particularity" where the plaintiff alleged (as Plaintiff does in this case) that "Defendant misrepresented the true balance of the loan and their true status as servicer and/or true creditor of the Loan, with knowledge or reckless disregard of the statements' falsity").

### 7. Unjust Enrichment (Count Seven)

Plaintiff alleges that Defendant has been unjustly enriched by receiving "the False Servicer Fees," and she "demands[] restitution for same." (Doc. 1-1 ¶¶ 53-54). Under Georgia law, "unjust enrichment is available only when there is no legal contract." *Joseph v. Federal Home Loan Mortg. Corp.*, Civil Action No. 1:12–CV–01022–RWS, 2012 U.S. Dist. LEXIS 542639, at *8 (N.D. Ga. Nov. 6, 2012) (citing *Am. Casual Dining, L.P. v. Moe's Southwest Grill, LLC,* 426 F. Supp. 2d 1356, 1372 (N.D. Ga. 2006)). Therefore, because Plaintiff's claim stems from a

loan contract, unjust enrichment does not apply. *See, e.g.*, *Samuel*, 2015 U.S. Dist. LEXIS 181082, at *33-34 (finding that the plaintiff's unjust enrichment claim based on the defendant's collection of servicer fees failed because "there is no factual support in the record to suggest that the agreements at issue were not legally valid contracts"); *Simpson*, U.S Dist. LEXIS 81389 at *20-21 (dismissing unjust enrichment claim where Plaintiff's claim was derived from a loan contract), *adopted by* 2010 U.S. Dist. LEXIS 81384 (N.D. Ga. Aug. 11, 2011).

Furthermore, Plaintiff supports her cause of action with a single conclusory statement and no supporting facts, which is insufficient to state a claim for relief. *See Joseph*, 2012 U.S. Dist. LEXIS 542639, at *8 (dismissing unjust enrichment claim where Plaintiff "include[d] a single conclusory statement that Defendants have been unjustly enriched and no factual matter to support the cause of action"). Accordingly, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED** as to Plaintiff's claim for unjust enrichment (Count Seven).

### 8. Injunctive Relief

Plaintiff requests a "[d]eclaratory judgment that Defendant is NOT entitled to the self-help remedy of nonjudicial foreclosure of the Property," and she also requests "[i]njunctive relief permanently enjoining Defendant from foreclosing or otherwise dispossessing Plaintiff of the Property or further collection activity until

Defendant discloses and shows cause establishing the true and accurate balance on Plaintiff's loan amount." (Doc. 1-1 at 24). Because Plaintiff has failed to state a substantive claim for relief, her request for injunctive relief also fails. *See, e.g.*, *Giles v. SunTrust Mortg., Inc.*, No. 1:13-CV-2992-RWS, 2014 U.S. Dist. LEXIS 83310, at *9 (N.D. Ga. June 19, 2014) (dismissing the plaintiff's claims for equitable relief, injunctive relief, declaratory relief, punitive damages, and attorneys fees "[b]ecause Plaintiff's substantive claims are without merit," and therefore "he is not entitled to the relief he seeks"). Accordingly, it is **RECOMMENDED** that Defendant's motion to dismiss Plaintiff's request for injunctive relief be **GRANTED**.

## Conclusion

It is **RECOMMENDED** that Defendant's Motion To Dismiss (Doc. 4) be **GRANTED** and that Plaintiff's Complaint be **DISMISSED**.

The Clerk is directed to terminate the reference of this case to the undersigned Magistrate Judge.

**IT IS SO REPORTED AND RECOMMENDED** this 28th day of April, 2017.

    /s/ *J. C<small>LAY</small> F<small>ULLER</small>*
J. CLAY FULLER
United States Magistrate Judge